```
             UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS
```

LAURA J. MCGARRY,
          Plaintiff,

       v.                              C.A. No. 10-11343-GAO

GERIATRIC FACILITIES OF CAPE COD, INC.,
          Defendants.

MEMORANDUM AND ORDER

On January 28, 2011, this case was referred to the undersigned for all pretrial proceedings. Now before the Court is Plaintiff's Motion for Contempt against PSSA & Defense Counsel. <u>See</u> Docket Entry #58. Plaintiff also filed a letter and notice; both addressed to the Clerk of Court. <u>See</u> Docket Entries #59, #60.

The January 28, 2011 Memorandum and Order referred this case to my docket for all pretrial proceedings. <u>See</u> Docket Entry # 58. The Order also denied several of Plaintiff's Motions and prohibited Plaintiff from "making personal comments or attacks upon defense counsel or court staff, intimidating, harassing, or warning defense counsel or court staff in any way as to make a direct or indirect threat, or making reference to docketing information."

The Court's records indicate that Plaintiff subsequently filed a motion, letter and notice, each of which violates the Court's 1/28/11 Order.

Plaintiff has already been advised that Under Rule 11, the Court may impose sanctions on an unrepresented party if he or she

submits a pleading for an improper purpose or if the claims within it are frivolous or malicious. See Fed. R. Civ. P. 11(b)(1), (2); Eagle Eye Fishing Corp. v. Department of Commerce, 20 F.3d 503, 506 (1st Cir. 1994) (pro se parties, like all parties and counsel, are required to comply with the Federal Rules of Civil Procedure); Pronav Charter II, Inc. v. Nolan, 206 F. Supp. 2d 46, 53 (D. Mass. 2002) (Rule 11 applies to pro se litigants) (citation omitted). Rule 11 exists, in part, to protect defendants and the Court from wasteful, frivolous and harassing lawsuits, and provides for sanctions as a deterrent. See Navarro-Ayala v. Nunez, 968 F.2d 1421, 1426 (1st Cir. 1992).

In addition to Rule 11, section 1927 of Title 28 provides for the imposition of costs and expenses, including attorneys' fees, against a person for unreasonable and vexatious litigation. Section 1927 states:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.

Apart from authority under Rule 11 and section 1927, a district court has the inherent power to manage its own proceedings and to control the conduct of litigants who appear before it through orders or the issuance of monetary sanctions for bad-faith, vexatious, wanton or oppressive behavior. See Chambers v. Nasco, Inc., 501 U.S. 32, 46-50 (1991); accord United

States v. Kouri-Perez, 187 F.3d 1, 6-8 (1st Cir. 1999) (same); John's Insulation, Inc. v. L. Addison & Assocs., 156 F.3d 101, 109 (1st Cir. 1998) (district court did not abuse its discretion in ordering dismissal of complaint and default judgment as a sanction for plaintiff's protracted delay and repeated violation of court's order under inherent powers rather than Rule 41).

As noted above, Plaintiff is continuing to engage in a pattern of filing baseless documents that harass defense counsel and court staff and that also make reference to docketing information. She has already been warned that the Court will impose sanctions.

The Court will not require Defendants' to respond to Plaintiff's most recent motion, which is denied. Because Plaintiff failed to heed the warning contained in the 1/28/11 Memorandum and Order, Plaintiff is prohibited from filing any further pleadings or documents in this action until directed to do so by a judicial officer.

**The undersigned will hold a Rule 16(b) conference by telephone on February 14, 2011 at 4:00 p.m.** The clerk shall make the necessary arrangements for this conference.

Accordingly, it is hereby ORDERED Plaintiff's Motion (Docket Entry #58) for Contempt is Denied; Plaintiff is prohibited from filing any further pleadings or documents in this action until directed to do so by a judicial officer.

SO ORDERED.

| | |
|---|---|
| February 1, 2011 | /s/ Leo T. Sorokin |
| DATE | LEO T. SOROKIN |
| | UNITED STATES MAGISTRATE JUDGE |