UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LAURA J. McGARRY,<br><br>       Plaintiff,<br><br>v.<br><br>GERIATRIC FACILITIES OF CAPE COD, INC., et al.,<br><br>       Defendants. | Civil Action No. 10-11343-GAO |

ORDER ON PLAINTIFF'S MOTION TO STAY

March 7, 2011

SOROKIN, M.J.

During and after the scheduling conference which was held on February 15, 2011, the undersigned ordered that the "Plaintiff shall not make any filings with this Court without the prior approval a District or Magistrate Judge." Docket # 67. There was one exception to that blanket ruling – the Plaintiff was ordered to file, by March 1, 2011, a document identifying the discovery she sought to obtain (e.g., a list of deponents, interrogatories and document requests). Id. at ¶ 2.

The Plaintiff did not file the discovery information as ordered by the Court by March 1, 2011. Instead, on March 4, 2011, the Plaintiff filed a Motion to Stay the proceedings, pending resolution of her requests to disqualify the judicial officers assigned to this case. Docket #s 69, 74. As grounds for the stay, the Plaintiff reported to the Court that she "continues to await"

1

Judge O'Toole's memorandum and order regarding her motion to disqualify so that "this action can be pursued in a fair forum free from partiality and bias as documented in Dkt. # 69 and Dkt. # 70." Docket # 74 at 1. Thereafter in the Motion to Stay, the Plaintiff also stated that her "family was in crisis with my son suddenly very ill and hospitalized which was consuming her time and all of her ability to think." Docket # 74 at 2.

The Motion to Stay (Docket # 74) is DENIED. There is no basis to stay litigation of this matter. The Plaintiff was ordered by the Court to file her discovery information by March 1, 2011. She has failed to do so. It is ORDERED that the Plaintiff shall file the discovery information by no later than the close of business on Friday, March 11, 2011. A further failure to comply with this Order, or with any of the Court's other Orders (including its Order prohibiting the Plaintiff from making any filing without prior permission of a district or magistrate judge and its Order prohibiting the Plaintiff from making personal comments or attacks upon the staff of the Clerk's office) will lead to the imposition of sanctions, including fines and/or dismissal of the Plaintiff's case.

The Court will establish a deadline for the Defendants to respond to the Plaintiff's March 11, 2011 after reviewing that filing. In addition, the Plaintiff has permission to file an opposition to the Defendant's Motion for Contempt (Docket # 71). That opposition is not to exceed twenty pages and shall by filed by no later than March 18, 2011.

SO ORDERED.

    /s / Leo T. Sorokin
UNITED STATES MAGISTRATE JUDGE