UNITED STATES DISTRCIT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-11343-GAO

LAURA J. McGARRY,
Plaintiff,

v.

GERIATRIC FACILITIES OF CAPE COD, INC., et al.,
Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION
June 28, 2011

O'TOOLE, D.J.

To the extent that the plaintiff's motion to disqualify (dkt. no. 69) is directed at me, it is DENIED.

After review of the defendants' motion for contempt (dkt. no. 71) and related papers, the Report and Recommendation of the Magistrate Judge (dkt. no. 80), and the plaintiff's objection to the Report (dkt. no. 81), I approve and adopt the Report, which recommends that this action be dismissed with prejudice because of the plaintiff's persistence in ignoring lawful and reasonable orders and rules of this Court. The referral to the Magistrate Judge was proper, and he properly considered the factual record established by the docket in this case. I agree with his conclusion that the plaintiff has persisted in disregarding court orders, despite clear warnings of potential sanctions. I therefore find her in contempt of those orders. I further agree with the Magistrate Judge's

assessment that, in light of the plaintiff's willful disobedience of the court orders, dismissal with prejudice is an appropriate sanction.

The plaintiff's recently filed motion for contempt, addressed to Chief Judge Wolf but by him referred to me (dkt. no. 85), is DENIED.

The defendants' motion for contempt (dkt. no. 71) is GRANTED, and the action is DISMISSED WITH PREJUDICE.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LAURA J. McGARRY,

    Plaintiff,

v.                                   Civil Action No. 10-11343-GAO

GERIATRIC FACILITIES OF CAPE
COD, INC., et al.,

    Defendants.

## REPORT AND RECOMMENDATION ON MOTION FOR CONTEMPT

March 23, 2011

SOROKIN, M.J.

The Defendant moves for dismissal of this action due to the pro se Plaintiff's allegedly contemptuous conduct. Docket # 71. The Plaintiff opposes. Docket # 78.

On January 28, 2011, Judge O'Toole made findings regarding the Plaintiff's behavior to that point, entered orders regarding future conduct of this litigation and referred the matter to the undersigned. Docket # 57 and Electronic Order of January 28, 2011. While the full text of Judge O'Toole's Order is found at Docket # 57, I reproduce a substantial portion here.

> However, what began as an employment discrimination lawsuit has been lost and stalled amidst Plaintiff's relentless and baseless motions. The allegations and averments in the now pending motions filed by Plaintiff again demonstrate her heightened level of suspicion and hostility directed toward defense counsel as well as one of the Court's Pro Se Staff Attorneys ("PSSA"). Plaintiff continues her earlier speculation that defense counsel and court staff are acting to thwart her case. Plaintiff seeks immediate action to have defense counsel disqualified and the PSSA enjoined from duties relating to this action.

1

Plaintiff alleges a conspiracy to prevent Plaintiff from litigating her claim. The Court has been advised that Plaintiff has been sending lengthy email messages to clerk's office staff concerning this action. In the alleged conspiracy scheme, the undersigned is initially described as being fooled; first by defense counsel, and subsequently by the PSSA. Rather than litigate her case, and not content to repeat her baseless allegations solely against defense counsel, Plaintiff has taken the occasion of her most recent filings to make an unwarranted, immaterial and unfair attack on the professional character of one of the Court's Pro Se Staff Attorneys, Barbara Morse. Needless to say, the record does not reflect any such conduct by Ms. Morse. Although McGarry believes that she has discovered a "smoking gun" by way of computer data, it reveals nothing more than the internal clerical and docketing system of the court.

Plaintiff's conduct in making false allegations against defense counsel and Ms. Morse is in violation of Rule 11 of the Federal Rules of Civil Procedure. See Rule 11(b). Plaintiff's allegations are ungrounded in fact, totally meaningless as a matter of law, and interposed for an improper purpose, to wit, to harass without cause and to demand immediate attention from the undersigned for motions that, in her mind, require immediate adjudication.

This is a civil action, and plaintiff is expected to conduct herself in a civil manner. The Court will not permit Plaintiff to continue with the personal attacks, derogatory commentary and baseless motions. Such behavior is unwarranted and completely irrelevant to the merits of this case. Plaintiff does not have the right to file pleadings for an improper purpose and in bad faith.

For this, and for engaging in behavior that no reasonable person in like circumstances would have engaged in, Plaintiff is prohibited from making personal comments or attacks upon defense counsel or court staff, intimidating, harassing, or warning defense counsel or court staff in any way as to make a direct or indirect threat, or making reference to docketing information.

If Plaintiff violates this order, the court will impose sanctions, which may include fines, dismissal of this civil action pursuant to Rule 41 of the Federal Rules of Civil Procedure, or any other sanction the court deems appropriate to correct the violation of its orders.

Docket # 57 at 1-3.

Unfortunately, the Plaintiff has failed to heed Judge O'Toole's Order. The undersigned held a lengthy scheduling conference on February 14, 2011, at which the Plaintiff made some of the same allegations that led to Judge O'Toole's Order. At and after the Conference, the Court:

prohibited the Plaintiff from making further filings without the prior permission of a district or magistrate judge; directed the Plaintiff to file by March 1, 2011, a list identifying the discovery (documents, interrogatories and depositions she sought) with an equivalent list to be filed by the defendants on March 4, 2011. Docket # 67 and Electronic Order of February 14, 2011.

On February 23, 2011, without prior permission from a district or magistrate judge, the Plaintiff filed two motions: a motion to disqualify both Judge O'Toole and Magistrate Judge Sorokin (Docket # 69) and a Motion to Vacate various orders entered by the Court (Docket # 70). These motions continued the Plaintiff's baseless attack on the Pro Se Staff Attorney and continued the pattern of utterly unfounded allegations. See, e.g. Docket # 70 at 2 ("the court's pro se staff attorney's clear usurpation of power and continued deliberate trespassing on the law," . . . "[i]n the absence of judicial oversight this court employee seized this case to ensure intentional neglect of case management, ensure that established law and rule be ignored and grossly distorted fact to cover her documentation" . . . the "pro se staff attorney colluded with defense counsel" . . . and "Barbara Morse and Defense Counsel are in indirect contempt of this court and their latest inappropriate maneuver continues to leave this Plaintiff without a judge"). Moreover, these motions, like the Plaintiff's earlier motions, are motivated by an improper purpose – to wit, as she has in the past, to harass without cause and to seek immediate attention for motions she believes require immediate attention. In addition, the baseless allegations, harassing attacks and personal derogatory remarks are in direct violation of both Judge O'Toole's Order and Fed. R. Civ. P. 11.

Plaintiff failed to file her discovery requests with the Court on March 1, 2011 as earlier ordered. The undersigned denied both of the Plaintiff's Motions. Electronic Orders of March 2

3

and March 3, 2011. On March 4, 2011, the Defendants filed the instant motion for contempt. Docket # 71. The Plaintiff next filed her First Motion to Stay, in which she sought a stay of discovery pending reassignment of her case to another district judge. Docket # 74. On March 7, 2011, the undersigned denied this motion, extended the Plaintiff's deadline for making her discovery filing to March 11, 2011 and warned Plaintiff that:

> A further failure to comply with this Order [to make her discovery filing], or with any of the Court's other Orders (including its Order prohibiting the Plaintiff from making any filing without prior permission of a district or magistrate judge and its Order prohibiting the Plaintiff from making personal comments or attacks upon the staff of the Clerk's office) will lead to the imposition of sanctions, including fines and/or dismissal of the Plaintiff's cases.

Docket # 75.

On March 11, 2011, the Plaintiff made her discovery filing. On March 16, 2011, the Court ruled and directed the Defendants to make their discovery filing by March 21, 2011. Docket # 77. In that order, the Court also established a procedure for the Plaintiff to make filings by permitting her, once per week, to file a one-page document stating briefly any motions she wished to file and a brief basis for the motion. Id. Finally, the Court also again reminded the Plaintiff that a failure to comply with Court Orders, including Judge O'Toole's order quoted above, may lead to the dismissal of her action. Id.

Two days after this latest reminder, the Plaintiff filed her opposition, Docket # 78, to the Defendant's motion for contempt in which she has continued her pattern of making false allegations that "are ungrounded in fact, totally meaningless as a matter of law, and interposed for an improper purpose." Docket # 57 at 2-3. Moreover, in this filing the Plaintiff continues her pattern of "personal attacks [and] derogatory commentary." For example, in this latest filing, the

4

Plaintiff asserts;

- "usurpation by a pro se staff attorney with whom they [defense counsel and defendants] were colluding;

- "Defendants through their Defense counsel continue to conspire by a pattern of deliberate misrepresentation and deceit"

- "the reference order [was] written by the pro se staff attorney as she 'ruled' on the injunctive relief motion;

- "multiple improprieties that indicated the pro se staff attorney and defense counsel to be in collusion";

- "pro se staff attorney [] was blatantly violating her rights . . . and manipulating the file date . . . along with other noted improprieties . . . she also usurped with rulings on January 20th sabotaging this plaintiff's case.

Docket # 78 at 1, 2, 5 & 6.

Notwithstanding these allegations, Plaintiff also denies that she has violated the Court's Orders or attacked, improperly, the pro se staff attorney:

> This Plaintiff has made no personal comments or personal attacks in any filing to this court; she has made only fair comment in relation to documented behavior and actions supported by the record itself.

Docket # 78 at 10.

The Court takes a different view. The Plaintiff's persistent and relentless focus on the alleged misconduct of the pro se staff attorney and/or defense counsel are in direct violation of the Court's Orders, are utterly without merit or basis and substantially interfere with the conduct and management of this litigation.

Fed. R. Civ. P. 41(b) provides in relevant part that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." Fed. R. Civ. P. 41(b). "Dismissal

5

with prejudice for failure to prosecute is appropriate in the face of 'extremely protracted inaction (measured in years), disobedience of court orders, ignorance of warnings, contumacious conduct, or some other aggravating circumstance.'" Id., citing Cosme Nieves v. Deshler, 826 F.2d 1, 2 (1st Cir.1987); 9 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2369 (2d ed.1995). Where a noncompliant litigant has manifested a disregard for orders of the court and been suitably forewarned of the consequences of continued intransigence, a trial judge need not first exhaust milder sanctions before resorting to dismissal. HMG Property Investors, Inc. v. Parque Indus. Rio Canas, Inc., 847 F.2d 908, 918 (1st Cir.1988).

In this case, the Plaintiff has repeatedly ignored Orders of the Court that she cease violating Fed. R. Civ. P. 11 by making false allegations against defense counsel and Ms. Morse, and has sought to needlessly delay the litigation and resolution of this matter by the filing of meritless motions to stay the case or recuse the assigned judicial officers. She has been warned on numerous occasions that her continued misconduct could lead to dismissal of her case. Moreover, her denial that she has engaged in personal comments or personal attacks at all suggests that she is unable to appreciate the nature of her conduct and will be unable to conform her conduct to the Federal Rules of Civil Procedure in the future.

CONCLUSION

I RECOMMEND that, prior to ruling on the pending motion for contempt, the district judge assigned to this case render his own ruling on that portion of the Plaintiff's Motion to Disqualify (Docket # 69) directed at him. In addition, for the foregoing reasons, I RECOMMEND that the district judge assigned to this case ALLOW the Motion for Contempt

(Docket # 71) and DISMISS this action.[1] Discovery and proceedings in this matter are STAYED pending the ruling by the district judge on this Report and Recommendation.

/s / Leo T. Sorokin
UNITED STATES MAGISTRATE JUDGE

---

[1] The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72, any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. See Keating v. Secretary of Health and Human Services, 848 F.2d 271 (1st Cir.1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4 (1st Cir.1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir.1980); United States v. Vega, 678 F.2d 376, 378-379 (1st Cir.1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir.1983); see also Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466 (1985).