UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-11343-GAO

LAURA J. McGARRY,
Plaintiff,

v.

GERIATRIC FACILITIES OF CAPE COD, INC., et al.
Defendants.

**MEMORANDUM AND ORDER**
September 12, 2011

O'TOOLE, D.J.

For the reasons stated below, Plaintiff's pending motions are denied, this action remains dismissed, the Court certifies that any appeal would not taken in good faith, the Clerk shall terminate Plaintiff's cm/ecf account, and Plaintiff McGarry is enjoined from filing any further pleadings in this action and from filing any additional or new claims, cases, complaints, or other documents in this Court, except to effect an appeal by regular mail, without first obtaining leave of Court.

I.  Background

On June 28, 2011, this Court adopted the Report and Recommendation of Magistrate Judge Sorokin that this action be dismissed with prejudice because of Plaintiff's persistence in ignoring lawful and reasonable orders and rules of this Court. Since that time, Plaintiff has filed a motion (#88) for reconsideration; a motion (#90) for court order concerning the alleged disappearance of a motion, two motions (#93, 97) for default judgment, an emergency motion (#98) to remove defense counsel, and an emergency motion (#100) to vacate this Court's June 28th Order. Defendants' filed a consolidated opposition to Plaintiff's third motion for default and

to her motion to remove defense counsel.  See Docket No. 95.

II.    Plaintiff's Motion for Reconsideration

Rule 60(b) of the Federal Rules of Civil Procedure provides six grounds for relief from final judgments, including mistake, inadvertence, surprise, excusable neglect or any other reason that justifies relief.  Rule 60(b) is considered a "vehicle for extraordinary relief," and motions attempting to utilize such a tool should be allowed only under "extraordinary circumstances." Davila–Alvarez v. Escuela de Medicina Universidad Central del Caribe, 257 F.3d 58, 64 (1st Cir. 2001).  A Rule 60(b) motion will only be granted when the trial court is persuaded that the "motion is timely; that exceptional circumstances exist, favoring extraordinary relief ... and that no unfair prejudice will accrue to the opposing parties should the motion be granted." Karak v. Bursaw Oil Corp., 288 F.3d 15, 19 (1st Cir. 2002) (citing Teamsters, Chauffeurs, Warehousemen & Helpers Union, Local No. 59 v. Superline Transp. Co., 953 F.2d 17, 19-20 (1st cir. 1992); Leopore v. Vidockler, 792 F.2d 272, 274 (1st Cir. 1986)).

Here, Plaintiff seeks to have the dismissal set aside pursuant to subsection three (fraud, misrepresentation, or misconduct by an opposing party) and/or subsection four (the judgment is void).  To the extent Plaintiff seeks relief pursuant to subsections three and four, the Court finds that Plaintiff is not entitled to relief.  Although Plaintiff clearly questions whether the undersigned actually issued the order of dismissal, she has not demonstrated any fraud and the Order dismissing this case is not void.  As noted by Defendants in their opposition, Plaintiff's request for reconsideration is nothing more than yet another rehashing of her various attacks on the integrity of the Court, Court personnel, and defense counsel.  See Docket No. 95.  Plaintiff has been previously warned several times that this type of pleading would not be permitted and

that she would be subject to sanctions for abusive or vexatious filings.

III.     Injunction as to CM/ECF and Future Filings

It is clear that Plaintiff does not accept the finality of the rulings by this Court. Despite the dismissal of this action as a sanction, Plaintiff continues to file motions seeking relief that has already been denied. See Docket Nos. 93, 97, 98. The Court finds that Plaintiff's motions seeking the entry of default and removal of defense counsel to be in knowing violation of earlier orders warning Plaintiff that baseless attacks on court staff and defense counsel is abusive and vexatious. Plaintiff's most recent filings evidence not only an unwillingness to accept the dismissal of this action, but an unwillingness to curb her behavior and abide by this Court's Orders. I also find that Plaintiff has abused this Court's judicial resources by conducting litigation in a sanctionable manner.

Serious measures must be taken in order to make clear to the Plaintiff that her repetitive misconduct will be curbed. See Vasile v. Dean Witter Reynolds Inc., 20 F. Supp. 2d 465, 506 (E.D.N.Y. 1998), aff'd 205 F.3d 1327 (2d Cir. 2000) ("a substantial sanction is needed to send a message that this litigation must be set to rest"). Cf. In re NASDAQ Market-Makers Antitrust Litig., 187 F.R.D. 124, 131 (S.D.N.Y. 1999) (holding that "[t]he continued assertion of a factual or legal argument long after that argument has proven to be completely baseless is sanctionable conduct, as is 'the waste of judicial resources and resulting inefficiencies and delays that affect all actual and potential litigants in the federal courts.'") (internal citations omitted).

The repeated filings by Plaintiff of vexatious motions is an abuse of the processes of this

Court for the administration of justice.[1]  It is the cessation of this behavior that the Court seeks to achieve through the imposition of a sanction and the most effective means of accomplishing this goal is to enjoin Plaintiff from making any additional filings in this court without first obtaining leave of court. See Castro v. United States, 775 F.2d 399, 408 (1st Cir. 1985) (per curiam) ("[I]n extreme circumstances involving groundless encroachment upon the limited time and resources of the court and other parties, an injunction barring a party from filing and processing frivolous and vexatious lawsuits may be appropriate.").

The Clerk will be directed to terminate Plaintiff's cm/ecf account so that she can no longer electronically file documents.  Moreover, Plaintiff is enjoined from filing any further pleadings in this action and from filing any additional or new claims, cases, complaints, or other documents in this Court, in any manner, way or form, without first obtaining the prior written approval of a judge of this Court.  This prohibition will not preclude Plaintiff from exercising any appeal rights she may have in this matter, nor from filing a timely Notice of Appeal, by regular mail.

Plaintiff is further warned that any violation of this prohibition will result in the imposition of sanctions, including a monetary sanction to reimburse the Defendants for their costs and fees incurred in connection with responding to Plaintiff's post-judgment motions

---

[1] Vexatious conduct occurs where a party's actions are "frivolous, unreasonable, or without foundation." Local 285 Serv. Employees Int'l v. Nontuck Res. Assoc., Inc., 64 F.3d 735, 737 (1st Cir. 1995) (internal citations omitted); accord Alexander v. United States, 121 F.3d 312, 315-16 (7th Cir. 1997) (sanction appropriate when "objectively unreasonable litigation-multiplying conduct continues despite a warning to desist"). Vexatious conduct may be found even in the absence of subjective bad intent, Local 285 Serv. Employees Int'l, 64 F.3d at 737.

IV.     No Good Faith Ground for Appeal Exists

Because the Plaintiff previously received leave to proceed in forma pauperis, Fed. R.App. P. 24(a)(3) would ordinarily permit Plaintiff to continue in forma pauperis status for an appeal. However, 28 U.S.C. § 1915(a)(3) states: "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."  If the district court concludes that such an appeal is not taken in good faith, it shall, pursuant to Rule 24(a) of the Federal Rules of Appellate Procedure, "state in writing the reasons for the denial."  Having considered the record in this action, I certify that any appeal would not taken in good faith.

ORDER

Accordingly, it is hereby ORDERED

1. Plaintiff's motion (#88) for reconsideration is DENIED:

2. Plaintiff's motion (#90) for court order concerning the alleged disappearance of a motion is DENIED;

3. Plaintiff's two motions (#93, 97) for default judgment are DENIED;

4. Plaintiff's emergency motion (#98) to remove defense counsel is DENIED;

5. Plaintiff's emergency motion (#100) to vacate this Court's June 28th Order is DENIED;

6. The Clerk shall terminate Plaintiff's cm/ecf account so that she can no longer electronically file documents;

7. Plaintiff is enjoined from filing any further pleadings in this action and from filing any additional or new claims, cases, complaints, or other documents in this Court, except to effect an appeal by regular mail, without first obtaining the prior written approval of a judge of this Court by filing a written petition seeking leave of Court to do so.  The petition must be accompanied by a copy of this Order, together with the papers sought to be filed, and a certification under oath that there is a good-faith basis for their filing.  The Clerk of Court shall accept the documents, mark them received, and forward them for action on the petition to a

    judge of this Court authorized to act on matters on the Miscellaneous Business Docket of the Court. Any documents which are submitted for filing by the Plaintiff in violation of this Order shall not be filed or docketed by the Clerk's Office, but shall be returned by the Clerk's Office to the Plaintiff; and

8.     The Court certifies that any appeal would not taken in good faith.

    It is SO ORDERED.

                                              /s/ George A. O'Toole, Jr.
                                              United States District Judge